**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TROY D. SHAW,

      Plaintiff,

v.                                                                                       No. CIV 09-0273 JB/DJS

ATTORNEY HOUSTON ROSS,
JUDGE CHARLES BROWN,
2ND DISTRICT COURT CLERK
JUANITA DURAN, COUNTY CLERK,
BERNALILLO COUNTY CLERK'S OFFICE, ET AL.,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's Civil Rights Complaint Pursuant To 42 U.S.C. § 1983 filed on March 20, 2009 (Doc. 1). The Court has carefully reviewed the Complaint and determined a hearing is not necessary. Plaintiff Troy D. Shaw is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis. For the reasons stated below, the Court will dismiss the Complaint.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Shaw's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The Complaint sets out two claims of constitutional violations allegedly committed against Shaw in a state criminal proceeding. Shaw alleges, in summary, that the Defendants denied him access to the courts, effective assistance of counsel, speedy trial, and various procedural rights. For relief, Shaw asks for "dismissal of all charges . . . and any other injunctive relief and recusal of Judge Charles Brown from this case." He does not seek damages. Shaw makes no reference to a conviction, and thus the Court liberally construes the Complaint, *see Northington*, 973 F.2d 1520-21, as asking for dismissal of criminal charges or, alternatively, vacation of a conviction.

Assuming, first, that Shaw seeks an order enjoining prosecution of criminal charges, rather than a writ of habeas corpus, the Court may not grant the relief he seeks. Under the Anti-Injunction Act, 28 U.S.C. § 2283 (the "Act"), the Court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. And although Shaw does not specifically request a stay of proceedings, "any injunction against state court proceedings otherwise proper under general equitable principles must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)(*quoted in Douglas-Guardian Warehouse Corp. v. Posey*, 486 F.2d 739, 742 (10th Cir. 1973)). "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630

(1977).  Shaw's allegations invoke none of the Act's statutory exceptions, and thus the Act bars his Complaint.

Furthermore, because of the nature of the relief that Shaw seeks, he may not prosecute his claims in an action under 42 U.S.C. § 1983.  His allegations amount to a claim that he is being "unlawfully subjected to physical restraint," *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973)(*quoted in Berry v. Scafe*, No. 98-3194, 1999 WL 89152, at \*\*3 (10th Cir. Feb 23, 1999)), which is an essential element of a claim for relief in habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. at 484.

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress" against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . .  Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence.  Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983; *Preiser v. Rodriguez*, 411 U.S. at 489).  Under the rulings in *Preiser v. Rodriguez* and *Nelson v. Campbell*, Shaw may not pursue his claims for dismissal of pending criminal charges or vacation of a conviction except in a habeas corpus petition.  The Court will dismiss the Complaint without prejudice to Shaw's right to pursue relief under the habeas corpus statutes.

**IT IS ORDERED** that: (i) Shaw's motion for leave to proceed in forma pauperis (Doc. 3) is granted; (ii) the initial partial payment is waived; (iii) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed on March 20, 2009, is dismissed without prejudice; and (iv) judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE